```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GALE HEWETT,<br><br>          Plaintiff,<br><br>     v.<br><br>WILLINGBORO BOARD OF<br>EDUCATION, MARVIN D. HOPKINS,<br>ALOZNO KITTRELLS, JOHN DOES<br>1-10.<br><br>          Defendants. | HON. JEROME B. SIMANDLE<br><br>CIVIL NO. 05-2035<br><br><u>**OPINION**</u> |

APPEARANCES:

William B. Hildebrand, Esq.
LAW OFFICES OF WILLIAM B. HILDEBRAND
1040 Kings Highway North
Suite 601
Cherry Hill, NJ 08034
     Attorney for Plaintiff

Richard L. Goldstein, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PA
Woodlands Fall and Corporate Park
200 Lake Drive East
Suite 300
Cherry Hill, NJ 08002
     Attorney for Defendant Willingboro Board of Education

Keith Harris, Esq.
BRAFF, HARRIS & SUKONECK
570 West Mount Pleasant Ave.
P.O. Box 657
Livingston, NJ 07039
     Attorney for Defendant Alonzo Kittrells

John S. Favate, Esq.
HARDIN, KUNDLA, MCKEON, POLETTO & POLIFONI, PC
673 Morris Avenue
PO BOX 730
Springfield, NJ 07081
     Attorney for Defendant Marvin D. Hopkins

**SIMANDLE,** District Judge:

Plaintiff has moved for partial summary judgment as to liability on her Family and Medical Leave Act claims contained in Counts I and II of the Amended Complaint.  Because the Court holds that there are material issues of disputed fact as to whether Plaintiff qualified for FMLA leave, the Court will deny the motion.

**I.   BACKGROUND**

The following facts are not in dispute.

Plaintiff Gale Hewett signed an employment contract with the Willingboro Board of Education ("Board of Education" or "Board") on September 19, 2003, for a term of employment commencing September 1, 2003 through June 30, 2004.  (Def. Ex. A.) Plaintiff signed another employment contract on September 1, 2004 for the same ten month term.  (Def. Ex. B.)

Meanwhile, on October 4, 2004, Plaintiff allegedly injured her right foot following the packaging and transport of personal teaching materials and classroom supplies from McGinley Elementary School, where she had been a pre-Kindergarten teacher, to Twin Hills Elementary School, where she had been reassigned as a kindergarten teacher.  Plaintiff visited her primary physician the very next day, and he arranged for her to see a podiatrist, Dr. Donna McAnespey.  On October 7, 2004, Dr. McAnespey diagnosed Plaintiff as suffering from a stress fracture of the third metatarsal of her right foot.  Dr. McAnespey placed Plaintiff's

right foot in a "cam walker" which extended to her knee, and provided her with a note directing that she remain out of work until October 18, 2004.

On October 8, 2004, Plaintiff visited Twin Hills Elementary School to discuss her injury with the school's principal, Barbara Doneghy. Ms. Doneghy was not in that day, however, so Plaintiff left her the note from Dr. McAnespey recommending that she remain out of work until October 18th. Plaintiff also advised the school nurse, Brenda Carey, of her injury. Ms. Carey proceeded to inform the Human Resources Department of Plaintiff's injury, and arranged for Plaintiff to be seen by Dr. Nathaniel Evans. Dr. Evans evaluated Plaintiff's injury, and his diagnosis matched Dr. McAnespey's.

According to Plaintiff, the pain in her foot persisted and prevented her from working until October 12, 2004, at which time, at the advice of Dr. Evans, she returned to work with an assistant. Plaintiff continued to work until October 18, 2004, at which time Plaintiff's assistant was apparently removed at Ms. Doneghy's instructions. Plaintiff was working without an assistant when, on October 21, 2004, she further injured her right foot. The following day, Plaintiff reported her injury to Ms. Carey. Once again, Ms. Carey arranged for an appointment with Dr. Evans. After an x-ray and follow-up visit with another podiatrist, Robert J. Filoramo, it was revealed that Plaintiff had a full fracture of the third metatarsal of her right foot.

Dr. Filoramo ordered that Plaintiff not work until a follow-up visit on November 22, 2004.

According to Ms. Doneghy, the Board received at least one written complaint and numerous visits from parents concerning Plaintiff's absences from work.  (Doneghy Dep. Tr. at 10:6-12; 11:13-25.)  On November 3, 2004, Defendant Alonzo Kittrells, the Superintendent of the Willingboro Public Schools, sent a letter to Plaintiff notifying her of the Board's intention to terminate her contract effective January 3, 2005.(Compl. at ¶ 19; Ex. D.)

Plaintiff filed this action on April 6, 2005, alleging violations under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., and New Jersey state law.  Plaintiff subsequently amended the Complaint to include a claim under the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq.  Defendants Marvin D. Hopkins, Executive Director of Human Resources and Administrative Services, and Alonzo Kittrells, Superintendent of the Willingboro Public Schools, subsequently filed a motion to dismiss the FMLA claims.  By Opinion and Order dated March 15, 2006, the Court permitted the FMLA claims to proceed against those Defendants in their individual capacities.

Meanwhile, Plaintiff filed this motion for partial summary judgment.  The Court has considered the written submissions by counsel for Plaintiff and Defendant Board of Education.  No

opposition has been received on behalf of Defendants Hopkins or Kittrells.[1]

## II.  SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In deciding whether there is a disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

## III. DISCUSSION

---

[1] The instant motion was filed by Plaintiff on November 10, 2005.  At that time, Defendants Hopkins and Kittrells were represented by James F. Schwerin of the law firm of Parker, McCay.  Due to a conflict of interest, on February 23, 2006, the Honorable Joel B. Rosen, United States Magistrate Judge granted Mr. Schwerin's motion to withdraw as counsel.  On March 8, 2006, Keith Harris, Esq. entered an appearance on behalf of Mr. Kittrells, and on March 14, 2006, John Favate, Esq. entered an appearance for Mr. Hopkins.

Defendants, Board of Education, Hopkins and Kittrells have conceded the following:

1. Defendants knew (or should have known) that Plaintiff's foot injury qualifies as a "serious medical condition" within the meaning of FMLA.

2. As a result of her foot injury, Plaintiff was unable to work from October 6-8, 2004, then again from October 22, 2004 (on half day) until November 22, 2004. Defendants knew (or should have known) that these absences were on account of a serious medical injury to her right foot, and therefore her absences qualified as FMLA-protected leave.[2]

(Ans. ¶¶ 23, 24.)  Defendant Board of Education now argues that Plaintiff does not qualify for FMLA leave as her injury was not a "serious medical condition" and because she was not employed for 12 months at the time her leave commenced.

Initially, the Court holds that the Board of Education's argument as to the nature of Plaintiff's condition must fail in light of Defendants' earlier concessions.  See Parilla v. IAP Worldwide Servs. VI, Inc., 368 F.3d 269, 275 (3d Cir. 2004) (citing Soo Line R.R. Co. v. St. Louis Southwestern Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) (noting the "well-settled rule that a party is bound by what it states in its pleadings"); Keller v. United States, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) ("Judicial admissions are formal concessions in the pleadings, or

---

[2] The answer was filed on behalf of all Defendants by James F. Schwerin of the law firm of Parker, McCay.  As already noted, Mr. Schwerin's motion to withdraw as counsel was granted on February 23, 2006.  On March 8, 2006, Keith Harris, Esq. entered an appearance on behalf of Mr. Kittrells, and on March 14, 2006, John Favate, Esq. entered an appearance for Mr. Hopkins.

stipulations by the party or its counsel, that are binding upon the party making them."). In any event, as Plaintiff points out, Defendants have not submitted any proofs raising a factual dispute as the issue of whether Plaintiff suffered a "serious medical condition."

The Court does find, though, that there is sufficient evidence from which a reasonable jury could find that Plaintiff was not employed for 12 months at the time her leave commenced. It is well settled that an employee must have been employed for 12 months at the time the leave commences in order to be eligible under the FMLA. See Renart v. Chartwells, 2004 U.S. App. LEXIS 25611 (3d Cir. Dec. 13, 2004). Here, Plaintiff does not dispute that she was injured on October 4, 2004, and took leave starting the next day after consulting her physician. At that point in time, Plaintiff had been employed for just over 11 months. At best, Plaintiff had been employed for 11 months and twenty-two days when she took leave on October 22, 2004.[3]

Instead of challenging the length of her employment on the date her leave commenced, Plaintiff argues that the Court should

---

[3] Defendant's answers to interrogatories are not to the contrary. In response to a request for Plaintiff's "beginning and ending dates of employment, Defendant states "September 1, 2003 – January 3, 2005." That statement is not, as Plaintiff argues, an admission that Plaintiff was employed for 12 months at the time she sought to take leave but, rather, merely identifies the date of hire and the date her employment was ultimately terminated. Indeed, Plaintiff does not dispute that she was hired initially on September 1, 2003 for a term of employment of 10 months, and again for the same term on September 1, 2004.

consider her absences after November 1, 2004 as protected leave. There is no support for Plaintiff's argument in the case law of this Circuit.  As the Third Circuit made clear in <u>Renart v. Chartwells</u>, 2004 U.S. App. LEXIS 25611, at *2-4, "[a]n individual must have been employed <u>at the time leave commences</u> in order to be eligible" under the FMLA.  (Emphasis added).  In that case, though the plaintiff was employed for over 12 months when her employment was terminated, she took leave nine days prior to that date.  Accordingly, the court held that leave to amend the complaint to assert an FMLA claim would have been futile as the plaintiff was ineligible for FMLA leave.  <u>Id.</u>

Similarly here, in light of the foregoing the Court finds that a reasonable jury could find that Plaintiff was ineligible for FMLA leave on the date her leave commenced.  Therefore, summary judgment will not be entered in Plaintiff's favor on the FMLA claim.

**IV. CONCLUSION**

For reasons explained, the motion for partial summary judgment by Plaintiff will be denied.  An appropriate Order will be entered.


**June 7, 2006**        **s/ Jerome B. Simandle**
Date                    JEROME B. SIMANDLE
                        U.S. District Judge